UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE JONES, | No. 2:26-cv-00227-DAD-JDP (PS) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| NATIONSTAR MORTGAGE LLC, et al., | (Doc. No. 3) |
| Defendants. | |

This matter is before the court on an *ex parte* application for a temporary restraining order filed by plaintiff Christine Jones who is proceeding *pro se* in this action. (Doc. No. 3.) For the reasons explained below, plaintiff's application for a temporary restraining order ("TRO") will be denied.

**BACKGROUND**

Late in the night of January 27, 2026, plaintiff filed this mortgage action against defendants Nationstar Mortgage LLC and America West Lender Services, LLC. (Doc. No. 1.) In her complaint, plaintiff alleges as follows.

Plaintiff resides at and owns the property located at 14530 Lake Wildwood Drive, Penn Valley, CA ("the Subject Property"). (*Id.* at 1.) Plaintiff purchased the property in July of 2021. (*Id.* at 6.) To complete the purchase, plaintiff obtained a "mortgage loan secured by a deed of trust" which the Federal National Mortgage Associate acquired ownership of on August 2, 2021.

1

(*Id.*)  Following that acquisition, defendant Nationstar Mortgage LLC conducted servicing of the mortgage.  (*Id.*)

At some point during 2023, plaintiff's mortgage was the subject of a recorded notice of default that was rescinded on or about November 2023.  (*Id.*)  Plaintiff purportedly obtained a copy of the recorded rescission of the notice of default in November 2025, but has failed to attach a copy of that rescission to either her complaint or her pending motion for temporary restraining order.  (*Id.*; *see also* Doc. No. 3.)  In 2025, a second notice of default was recorded which bore the same "Trustee Sale Guarantee" number as the first notice of default.  (Doc. No. 1 at 6.)  Pursuant to that second notice of default, defendants are currently pursuing a trustee's sale of the Subject Property which is scheduled to take place on January 28, 2026 at 12:30 p.m.[1]  (*Id.*)

Based on these allegations, plaintiff appears to assert three claims against defendants:  (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*; and (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*  (Doc. No. 1 at 3.)[2]

**LEGAL STANDARD**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

---

[1]  Plaintiff also makes numerous allegations relating to her status as a "disabled individual who resides in an ADA-accommodated home[.]"  (Doc. No. 1 at 5.)  It appears that plaintiff alleges these facts in support of her contention that she will be irreparably harmed should the scheduled trustee sale go forward.  (Doc. No. 3 at 2–3.)  The court does not reproduce these allegations in full here because it will deny plaintiff's motion on other grounds.

[2]  The court notes that plaintiff does not state how defendants purportedly violated these statutes nor identify any facts in support of these claims.  *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (noting that Federal Rule of Civil Procedure 8 requires that a sufficiently plead complaint must "put defendants fairly on notice of the claims against them").  The court does not address whether plaintiff has successfully stated a claim pursuant to RESPA, TILA, or FDCPA because it will conclude below that the relief plaintiff seeks in her pending motion is not available under those statutes.

balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

## DISCUSSION

Plaintiff argues that she has raised "serious questions regarding Defendants' foreclosure conduct, authority, notice practices, and compliance with applicable law" in her complaint. (Doc. No. 3 at 3.) Accordingly, she requests that the court issue a temporary restraining order enjoining defendants from "conducting, noticing, or completing any foreclosure sale" of the Subject Property. (*Id.* at 4.) However, as the court details below, injunctive relief of this form is not available under the causes of action plaintiff has asserted in her complaint.

3

Regarding plaintiff's claims brought pursuant to the FDCPA and RESPA, neither statute provides for injunctive relief, such as enjoining a trustee sale of a residential property. *Varnado v. Midland Funding LLC*, 43 F. Supp. 3d 985, 992–93 (N.D. Cal. 2014) ("Remedies for claims made under the FDCPA are limited to damages, attorney's fees[,] and costs. . . . Injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA.") (internal quotation marks omitted) (collecting cases); *Tamburri v. Suntrust Mortg., Inc.*, 875 F. Supp. 2d 1009, 1013 (N.D. Cal. 2012) ("Because RESPA does not provide for injunctive relief, actual damages and, in the case of a pattern or practice, statutory damages, are the only remedies available when a servicer violates the above provisions.") (internal citation omitted); *Gallusz v. LLP Mortg., Inc.*, No. 25-cv-00885-JLS-BLM, 2025 WL 1181298, at *4 (S.D. Cal. Apr. 22, 2025) ("Nor can Plaintiff's TRO Application be premised on her claim under RESPA, because injunctive relief is not available under RESPA."), *reconsideration denied*, 2025 WL 1476555 (S.D. Cal. May 21, 2025); *Ghalehtak v. Fay Servicing, LLC*, No. 17-cv-05976-EMC, 2017 WL 4805589, at *4–5 (N.D. Cal. Oct. 25, 2017) (denying a motion for temporary restraining order enjoining a foreclosure because the FDCPA does not provide injunctive relief in individual actions). Accordingly, plaintiff has failed to establish her likelihood of success on the merits of her claims for injunctive relief pursuant to the FDCPA and RESPA.

Regarding plaintiff's TILA claim, it is not entirely clear under which provision of TILA plaintiff asserts her claims. *Compare Doan Tung-Thanh v. NewRez LLC*, No. 25-cv-02615-JGB-DTB, 2025 WL 4056014, at *3 (C.D. Cal. Dec. 8, 2025) (noting that certain TILA claims provide only for damages and not injunctive relief), *with Plong v. Fisher*, No. 2:22-cv-02939-VAP-JPR, 2022 WL 3013151, at *2–3 (C.D. Cal. June 27, 2022) (describing how other TILA claims permit a remedy of loan rescission); *see also Greene v. U.S. Bank, N.A.*, No. 19-cv-07448-RS, 2020 WL 1308343, at *6 (N.D. Cal. Feb. 5, 2020) ("As to the TILA claim, it is not clear under which provision of the statute Greene asserts his claim for relief. The claim must therefore be dismissed for at least that reason; a claim cannot be plausible when what the plaintiff is claiming is unclear."). Should plaintiff seek only civil damages for the alleged violation of TILA, there would be no effect on the trustee sale of her home and a TRO cannot issue. *Foster v. SCME*

4

*Mortg. Bankers, Inc.*, No. 2:10-cv-00518-WBS-GGH, 2010 WL 2574074, at *2 (E.D. Cal. June 25, 2010) ("[A] TILA cause of action seeking only damages does not entitle plaintiff to preliminary injunctive relief because his damages claim will not be jeopardized by the foreclosure of his home.").  Supposing instead that plaintiff sought rescission of her mortgage, her own allegation that the mortgage was for her personal residence would bar her from seeking rescission under the TILA.  *Amodo v. Homeq Servicing Corp.*, No. 10-cv-00177-MCE-DAD, 2010 WL 347730, at *2 (E.D. Cal. Jan. 22, 2010) ("While a recission claim may warrant the granting of a TRO, . . . Regulation Z, which implements TILA, states that, 'The right to rescind does not apply to . . . a residential mortgage transaction.'"); *see also Rivera v. BAC Home Loans Servicing, L.P.*, No. 10-cv-02439-RS, 2010 WL 2757041, at *3 (N.D. Cal. July 9, 2010) (same).  Moreover, plaintiff alleges that her purchase of the Subject Property occurred on July 23, 2021, and accordingly any claim for rescission of her loan is time-barred.  *Guinn v. AMF Holdings, LLC*, No. 2:15-cv-01887-RFB-VCF, 2016 WL 8735618, at *3 (D. Nev. Feb. 5, 2016) ("TILA clearly states that an obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first.") (cleaned up); *see also Foster v. SCME Mortg. Bankers, Inc.*, No. 2:10-cv-00518-WBS-GGH, 2010 WL 1408108, at *2 (E.D. Cal. Apr. 7, 2010) ("If a creditor fails to provide the borrower with the required notice of the right to rescind, the borrower has three years from the date of consummation [of the mortgage] to rescind the transaction.").  Therefore, plaintiff is not entitled to a TRO enjoining the trustee sale in connection with her TILA claim, because plaintiff either cannot seek relief beyond damages or, if plaintiff seeks rescission of the loan, she has established no likelihood of success on the merits of that claim.

Because the relief plaintiff seeks in her pending motion is not available under any of her asserted claims, the court concludes she has not shown a likelihood of success on the merits of any claim seeking to enjoin the trustee sale of the Subject Property.  Accordingly, the court need not consider the other *Winter* factors.  *Disney Enters.*, 869 F.3d at 856 ("Likelihood of success on the merits is the most important *Winter* factor; if a movant fails to meet this threshold inquiry, the

/////

court need not consider the other facts in the absence of serious questions going to the merits.")
(internal quotation marks and citations omitted).

For the reasons above, plaintiff's motion for temporary restraining order (Doc. No. 2) is
DENIED.

IT IS SO ORDERED.

Dated:    **January 28, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

6