UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINE JONES,

Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, *et al.*

Defendants.

Case No. 2:26-cv-0227-DAD-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Christine Jones ("plaintiff") brings this action against Nationstar Mortgage LLC and America West Lender Services, LLC, and alleges that they violated her rights in connection with a mortgage she obtained in 2021. ECF No. 1 at 5. She alleges that defendants have foreclosed on the property associated with the mortgage and intend to sell it in a trustee's sale. *Id.* Plaintiff's claims, as articulated, are not cognizable. I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2. Next, I will recommend that plaintiff's motion for temporary restraining order, ECF No. 7, her second in this case (the first was denied by the district judge, ECF No. 5), be denied. Finally, I will deny plaintiff's motion for permission to e-file.

1

**Screening Order**

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff cites three federal statutes as the basis for federal question jurisdiction. ECF No. 1 at 3. None, however, are applicable. First, plaintiff argues that defendants' actions violate the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff fails, however, to explain what

provision of RESPA she is suing under or what part of the act defendants allegedly violated. Thus, I cannot tell how, if at all, this act applies to her claims. She may address this issue in her amended complaint.

Next, plaintiff argues that defendants' actions violate the Truth in Lending Act ("TILA"). The purpose of this law is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Here, plaintiff does not allege that credit terms were not meaningfully disclosed. Her allegations concern transfers of the original loan, issues related to foreclosure, and defendants' attempts to advance a trustee's sale of the property. ECF No. 1 at 5. Additionally, requests for damages under TILA are governed by a one-year statute of limitations that, generally, runs from the date the loan was executed. 15 U.S.C. § 1640(e). Here, plaintiff alleges that the loan was executed in 2021; this action was not filed until January 2026. Additionally, injunctive relief is not an available remedy for a TILA violation. *See Diunugala v. JP Morgan Chase Bank, N.A.*, NO. 12cv2106-WQH-NLS, 2014 U.S. Dist. LEXIS 1087, *3 (S.D. Cal. Jan 6, 2014) ("Injunctive relief is not available as a remedy for a Truth in Lending Act violation.").

Finally, plaintiff seeks to hold defendants liable under the Fair Debt Collection Practices Act ("FDCPA"). But the Ninth Circuit has held that mortgage creditors are not debt collectors within the meaning of the FDCPA. *See Schlegel v. Wells Fargo Bank*, 720 F.3d 1204, 1208-09 (9th Cir. 2013); *see also Harris v. New Rez, LLC*, 2023 U.S. App. LEXIS 24098, *6 (9th Cir. 2023) ("[T]he district court properly ruled that mortgage creditors are not debt collectors under the FDCPA.").

I will give plaintiff an opportunity to file an amended complaint that remedies these deficiencies. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within thirty days of this order's entry.

3

**Motion for Temporary Restraining Order**

Given that the operative complaint cannot proceed past screening, I necessarily recommend that her renewed motion for temporary restraining order, ECF No. 7, be denied. *See Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) ("If the plaintiff shows no chance of success on the merits, however, the injunction should not issue."). Indeed, in finding that plaintiff's previous motion for temporary restraining order should be denied, the district judge already found no likelihood of success on the merits of enjoining the sale of the property at issue. ECF No. 5 at 5 ("Because the relief plaintiff seeks in her pending motion is not available under any of her asserted claims, the court concludes she has not shown a likelihood of success on the merits of any claim seeking to enjoin the trustee sale of the Subject Property.").

**Motion for E-Filing**

Plaintiff requests permission to e-file because her unspecified disability makes in-person filing difficult, insofar as she lives two hours from the courthouse. ECF No. 6 at 1. She claims that mailing her filings is similarly difficult, though she does not state why accessing the mail is difficult. *Id.* She also argues that this action involves time-sensitive filings, and implies that e-filing is necessary or, at least, helpful in litigating those items. *Id.* I am reluctant to grant pro se claimants access to e-filing, as doing so opens the door to potentially voluminous filings and an inability to effectively manage the docket. At this juncture, plaintiff has shown herself capable of accessing the docket and submitting her filings. She has, as noted above, already filed two motions for temporary restraining order, ECF Nos. 3 & 7, the instant motion for e-filing, ECF No. 6, and a supplemental declaration, ECF No. 9. Accordingly, I find it unnecessary to grant her permission to e-file, and this motion is denied.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be

4

dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

6. Plaintiff's motion to e-file, ECF No. 6, is DENIED.

Further, it is RECOMMENDED that plaintiff's motion for temporary restraining order, ECF No. 7, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 12, 2026    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE